IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL ACTION |
| v. | : NO. 1:11-23-1 |
| KAREEM B LOUIS | : |

## ORDER

**AND NOW**, this 3rd day of March 2026, following reassignment (ECF 403), leading to our review of the incarcerated Defendant's Motion to vacate and correct his sentence under section 2255 (ECF 259), the United States' responsive Motion to stay (ECF 260), Judge Cannon's comprehensive Report and Recommendation (ECF 281) inviting objections by May 21, 2018, noting no objection, and Defendant's February 2, 2022 Motion to appoint counsel and reduce sentence (ECF 394) seeking compassionate release based upon the spread of coronavirus in his Facility in late 2021 and early 2022, the United States' Opposition (ECF 395), and for good cause, it is **ORDERED** we:

1. **APPROVE** and **ADOPT** Judge Cannon's May 4, 2018 comprehensive Report and Recommendation (ECF 281) without objection;

2. **DENY** Defendant's Motion to vacate and correct sentence under section 2255 (ECF 259) consistent with Judge Cannon's Report (ECF 281);

3. **FIND** no basis for a certificate of appealability or an evidentiary hearing on his habeas petition (ECF 259);[1]

4. **DENY** the United States' Motion to stay (ECF 260) as **moot** consistent with Judge Cannon's Report (ECF 281); and,

relief under *Johnson*. ECF 281. The record confirms Mr. Louis is not entitled to relief under section 2255.

² Mr. Louis sought compassionate release in early February 2022 asserting the threat of COVID-19 in his Facility then posed a health risk to him because he suffers from asthma, chronic bronchitis, and "pulmonary heart complication" [sic]. He argues "extraordinary and compelling reasons" justify a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). We may not modify a term of imprisonment once imposed unless we find "extraordinary and compelling reasons" warrant the reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).

The policy statement at U.S. Sentencing Guidelines § 1B1.13 defines "extraordinary and compelling reasons" exist under circumstances or a combination of circumstances where: "[t]he defendant is suffering from a terminal illness" (§1B1.13(b)(1)(A)); or is "(i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" (§1B1.13(b)(1)(B)); or is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" (§1B1.13(b)(1)(C)); or presents evidence he is "housed at a correctional facility affected or at imminent risk of being affected" by an ongoing outbreak of an infectious disease or ongoing public health emergency, his personal health risk factors and custodial status put the "defendant ... at increased risk" of suffering severe medical complications or death because of the exposure to the outbreak or public health emergency, *and* the risk cannot be adequately mitigated in a timely manner (§1B1.13(b)(1)(D)). Extraordinary and compelling circumstances also include the age of defendant, family circumstances of the defendant, whether the defendant is a victim of abuse while in custody serving the term of imprisonment sought to be reduced, "other reasons," or an unusually long sentence (§1B1.13(b)(2)–(6)). If we find extraordinary and compelling reasons exist, we consider whether a sentence reduction is supported by the applicable sentencing factors in 18 U.S.C. § 3553(a).

Mr. Louis does not specify the extraordinary and compelling reason under Guidelines § 1B1.13. We infer he believes his medical conditions put him at greater risk of harm from COVID-19 in early 2022. We note COVID-19 is not the threat it had been in 2020 and our Court of Appeals, during the height of COVID-19, held "[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

5.   **DENY** Defendant's Motion to reduce sentence and appoint counsel (ECF 394) based upon allegations of a February 2022 risk of coronavirus in his Facility without prejudice to seek compassionate release and possible appointment of counsel if warranted based upon his present status consistent with Congress' limited grounds along with guidance with the Sentencing Commission.[2]

/s/ KEARNEY, J.

---

[1] We decline to issue a certificate of appealability. Congress in 28 U.S.C. § 2253 provides "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). We may issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petitioner meets this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not disagree with our resolution of Mr. Louis's claims.

We decline to hold an evidentiary hearing. Congress in 28 U.S.C. § 2255(b) requires us to hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief[.]" *United States v. Scripps*, 961 F.3d 626, 631–32 (3d Cir. 2020) (quoting *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (quoting 28 U.S.C. § 2255) (emphasis in original)). Mr. Louis's motion argued he did not qualify as a career offender under *Johnson v. United States*, 576 U.S. 591 (2015), the career offender residual clause is void for vagueness, his conviction does not qualify as a "crime of violence," his claim is cognizable under section 2255(a), and *Johnson* applies retroactively to cases on collateral review. Judge Cannon rejected Mr. Louis's arguments, explaining Mr. Louis is not entitled to